**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION**

MICHAEL JUSTIN KENNEDY,      )
           )
      Plaintiff,      )
           )
      vs.      )
           )  No. 5:21-cv-03715-DCN-KDW
GREENVILLE COUNTY DETENTION    )
CENTER, ADMIN STAFF, MR.    )  **ORDER**
BODIFORD, MR. HOLLISTER, and SGT. )
FRANCIS,      )
           )
      Defendants.    )
_____)

This matter is before the court on United States Magistrate Judge Kaymani D. West's report and recommendation ("R&R"), ECF No. 44, that the court grant defendants Greenville County Detention Center's (the "GCDC"); Admin Staff ("Staff"); Mr. Scotty Bodiford ("Bodiford"); Mr. Ronald Hollister ("Hollister"); and Sgt. Joseph Francis's ("Francis") (collectively, "defendants") motion to dismiss. ECF No. 27. For the reasons set forth below, the court adopts the R&R and grants in part and denies in part the motion.

## I.  BACKGROUND

The R&R ably recites the facts as stated in the complaint, and the parties do not object to the R&R's recitation thereof. Therefore, the court will only briefly summarize material facts as they appear in the R&R for the purpose of aiding an understanding of the court's legal analysis.

1

Plaintiff Michael Justin Kennedy ("Kennedy") was a pretrial detainee in the custody of the South Carolina Department of Corrections and was, at all relevant times, housed at the GCDC in Greenville, SC.

The incident giving rise to this claim occurred on August 22, 2021, when Francis sprayed Kennedy in the face with pepper gas, shoved him, and shot him in the back while Kennedy was face down on the floor expressing his First Amendment rights "about what was taking place." ECF No. 1 at 7, Compl. The alleged incident occurred in S block, his housing unit, when he and ten other inmates had barricaded themselves in the dorm in an extended standoff with GCDC officers who used tactical instruments against the inmates at about 6:30pm. ECF No. 12 at 1; ECF No. 27-1 at 2. The standoff lasted for about 20 hours. Id. Kennedy alleges he suffered a bruise on his back from the projectile "shot from the tact gun[,]" his ear bled from Lieutenant Leonard's attempt to remove his earring, and his vision was blurred for about two weeks. Compl. at 9. He further alleges he was denied medical treatment. Id. Kennedy has not amended his complaint, but he has filed additional documents that expand upon and/or supplement his initial complaint. See ECF Nos. 12; 31; 48. In his response to the R&R, Kennedy alleges that after the standoff, he stopped in front of Bodiford and stated "your coward ass officer shot me and [sic] the back for nothing and its clear then I was coughing and having a difficult time breathing" and told him he was going to file a § 1983 lawsuit to which Bodiford simply put down his head and did not react. ECF No. 48 at 2. Kennedy alleges that he "only assumed that Hollister was notified to a stand off incident that lasted for nearly 24 hours." Id. at 5.

2

On November 11, 2021, Kennedy filed this action in federal court alleging defendants violated his constitutional rights afforded by the First, Fifth, and Eighth Amendments under 42 U.S.C. § 1983.  This case was referred to Magistrate Judge West for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(d) and (e) (D.S.C.).  On February 16, 2022, defendants moved to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.  ECF No. 27.  Kennedy filed a response in opposition to defendants' motion to dismiss on March 18, 2022.  ECF No. 31.  The Magistrate Judge issued the R&R on June 21, 2022, recommending the motion be denied as to Francis but granted as to all other defendants, ECF No. 44, to which Kennedy filed objections on July 1, 2022, ECF No. 48.  Defendants neither responded to Kennedy's objections, nor filed objections to the R&R, and the time to do so has now expired.  As such, the matter is now ripe for the court's review.

## II.  STANDARD

### A.  Order on R&R

This court is charged with conducting a de novo review of any portion of the Magistrate Judge's R&R to which specific, written objections are made.  28 U.S.C. § 636(b)(1).  A party's failure to object is accepted as agreement with the conclusions of the Magistrate Judge.  See Thomas v. Arn, 474 U.S. 140, 149–50 (1985).  The recommendation of the Magistrate Judge carries no presumptive weight, and the responsibility to make a final determination rests with this court.  Mathews v. Weber, 423 U.S. 261, 270–71 (1976).  The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the

matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).  The court is charged with making a <u>de novo</u> determination of any portion of the R&R to which a specific objection is made.  <u>Id.</u>

However, in the absence of a timely filed, specific objection, the court reviews the R&R only for clear error.  <u>Diamond v. Colonial Life & Accident Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted).  Furthermore, "[a] party's general objections are not sufficient to challenge a magistrate judge's findings."  <u>Greene v. Quest Diagnostics Clinical Labs., Inc.</u>, 455 F. Supp. 2d 483, 488 (D.S.C. 2006) (citation omitted).  When a party's objections are directed to strictly legal issues "and no factual issues are challenged, de novo review of the record may be dispensed with."  <u>Orpiano v. Johnson</u>, 687 F.2d 44, 47 (4th Cir. 1982) (citation omitted).  Analogously, <u>de novo</u> review is unnecessary when a party makes general and conclusory objections without directing a court's attention to a specific error in a magistrate judge's proposed findings.  <u>Id.</u>

### B.  Pro Se Litigants

Kennedy is proceeding <u>pro se</u> in this case.  <u>Pro se</u> complaints and petitions should be construed liberally by this court and are held to a less stringent standard than those drafted by attorneys.  <u>See</u> <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1151 (4th Cir. 1978), <u>cert. denied</u>, 439 U.S. 970, 99 (1978).  A federal district court is charged with liberally construing a complaint or petition filed by a <u>pro se</u> litigant to allow the development of a potentially meritorious case.  <u>See</u> <u>Hughes v. Rowe</u>, 449 U.S. 5, 9 (1980).  Liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim.  <u>See</u> <u>Weller v. Dep't of Soc. Servs.</u>, 901 F.2d 387, 390–91 (4th Cir. 1990).

### C.  Rule 12(b)(6)

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint."  Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); see also Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.").  To be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A Rule 12(b)(6) motion should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support his claim and would entitle him to relief.  Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).  When considering a Rule 12(b)(6) motion, the court should accept all well-pleaded allegations as true and should view the complaint in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir.1999); Mylan Labs., 7 F.3d at 1134.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

### III.   DISCUSSION

The Magistrate Judge concluded in the R&R that Kennedy had sufficiently pled an excessive force claim under 42 U.S.C. § 1983 against Francis, and that claim should survive the defendants' motion to dismiss.  R&R at 5–6.  But, the Magistrate Judge found that Kennedy had not met his burden to show that the other defendants participated in any violations sufficient to state a proper § 1983 claim alleging violations of conditions of confinement and consequently recommended dismissing this claim against the other individual defendants.  Id. at 6–8.  Further, the R&R recommended granting defendants' motion to dismiss as to any claims against the GCDC because detention centers and medical facilities cannot be sued under § 1983.  Id. at 8–9.  Additionally, the R&R suggested dismissing all claims against Staff, Bodiford, and Hollister because Kennedy failed to adequately allege their involvement in the incident sufficient to find them liable as supervisors under § 1983.  Id. at 9–12.  Finally, the Magistrate Judge found Kennedy had either improperly named defendants as parties responsible for providing equitable relief via authorizing the ongoing monitoring of detainees to prevent future human rights violations or had failed to allege ongoing violations of the same.  Consequently, the Magistrate Judge recommended dismissing any claims for such equitable relief.  Id. at 12. Kennedy appears to have only objected to the R&R's conclusions regarding supervisory liability.  See ECF No. 48 at 3–4.

Pro se complaints and petitions should be construed liberally by this court and are held to a less stringent standard than those drafted by attorneys.  See Gordon, 574 F.2d at 1151 (4th Cir. 1978).  Consequently, Kennedy's pro se objections to the R&R shall be construed liberally to encompass the possible objections to the R&R with those

objections receive de novo review by this court.  But, de novo review is unnecessary

when a party makes general and conclusory objections without directing a court's

attention to a specific error in a magistrate judge's proposed findings.  Orpiano, 687 F.2d

at 47.  In the absence of a timely filed, specific objection, the court reviews the R&R only

for clear error.  Diamond, 416 F.3d at 315.  In concrete terms, the court reviews de novo

the Magistrate Judge's conclusions regarding supervisory liability, and reviews for clear

error all other recommendations.

The Magistrate Judge recommended four different conclusions of law to which

neither party objected—this court now reviews those conclusions for clear error.  First,

the Magistrate Judge found that the complaint contained sufficient factual allegations to

support a claim that Francis used excessive force against Kennedy (e.g., shooting him

while on the ground, spraying him with pepper spray, pushing and shoving him).  R&R at

5.  Consequently, the R&R recommended finding that Kennedy had sufficiently pleaded

an excessive force claim against Francis and denying defendants' motion to dismiss as to

Francis.  Id. at 5–6.  In the absence of any objections to the R&R from defendants, the

court reviews for clear error.  Finding no clear error, the court affirms the Magistrate

Judge's finding and denies defendants' motion to dismiss as to the excessive force claim

against Francis.

The remaining three uncontested conclusions of law found in favor of the

defendants—this court now reviews those for clear error.  First, the Magistrate Judge

recommended that this court find Kennedy has failed to sufficiently plead that any of the

defendants participated in any alleged violations sufficient to state a proper claim alleging

violations of conditions of confinement.  R&R at 8.  Second, the Magistrate Judge

7

recommended dismissing the claim against the GCDC because Kennedy cannot sue

detention centers and medical facilities under § 1983. R&R at 8–9. Third, the Magistrate

Judge recommended dismissing Kennedy's claims for equitable relief because he failed

to allege an ongoing violation of federal law requiring prospective relief, failed to allege

with specificity what violations of human rights occurred, failed to allege that the named

defendants can authorize such relief, and appeared to allege violations of constitutional

rights, as opposed to an ongoing violation of federal law. R&R at 12. Kennedy failed to

object to the Magistrate Judge's recommendation regarding these three claims. In the

absence of any objections to the R&R from Kennedy, the court reviews for clear error.

Finding no clear error in the Magistrate Judge's reasoning, the court adopts the R&R and

dismisses the § 1983 conditions of confinement claim against any named defendants,

dismisses all claims against the GCDC, and dismisses Kennedy's claim for equitable

relief.

Kennedy only filed objections to the R&R's conclusions regarding supervisory

liability under § 1983—specifically opposing the dismissal of the claims against Staff,

Bodiford, and Hollister. See ECF No. 48. The Magistrate Judge found that Kennedy did

not allege facts sufficient to plausibly support a claim that Staff, Bodiford, or Hollister

were liable under § 1983. See R&R at 9–12. Precisely, Kennedy alleges "jail rules were

not honored or practice [sic] by jail administration[,] staff admin. clearly demonstrated

acts of unprofessionalism along with blatant disregard for individual's rights on all

levels." ECF No. 12. Kennedy further alleges that "the entire admin staff never

exercised any type of fundamental fairness." Id. Aside from these allegations, Kennedy

does not specifically name either Bodiford or Hollister anywhere in his complaint nor

8

does he allege that they were personally involved in the alleged violation of his rights.[1]

In later briefs Kennedy asserted that Bodiford was present and "did not attempt to ensure

nobody was injured or that medical treatment was given to inmates," ECF No. 31 at 6,

despite Kennedy allegedly telling Bodiford, "your coward ass officer shot me and [sic]

the back for nothing," ECF No. 48 at 2–3.  Kennedy further alleges in his objections that

when he stated he was "going to file a 1983 lawsuit," Bodiford simply put his head down.

ECF No. 48 at 2–3.  Plaintiff does not allege or identify any conduct by Hollister that

violated his rights, instead stating "[he] only assumed that Hollister was notified [of the

standoff]."  ECF No. 48 at 5.

The Magistrate Judge found that Kennedy's claims were conclusory in substance.

R&R at 10.  Further, the Magistrate Judge concluded Kennedy's allegations were

insufficient to meet the standard for pleading supervisory liability on the part of Staff,

Hollister, and Bodiford, and recommended finding Kennedy has failed to state a claim

against each of them.  Id. at 11–12.  Kennedy presumably objects to this conclusion,

citing a number of cases to show that a supervisor's inaction may nevertheless create

liability.[2]  ECF No. 48.  Although Kennedy fails to apply those cases to the facts at hand,

---

[1] The Magistrate Judge noted that Kennedy pled additional facts in his responses to the motion to dismiss, rather than by amending his complaint.  R&R at 11.  The Magistrate Judge indicated that a response is not the proper place to correct any deficiencies in a complaint.  Sullivan v. Younce, 2017 WL 655175, at *5 (E.D. Va. Feb. 16, 2017).  The R&R observed that Kennedy filed his response to defendants' motion to dismiss on May 18, 2022, approximately two months prior to the deadline to amend pleadings.  R&R at 11.  The R&R was filed on June 21, 2022, prior to the deadline to amend pleadings.  Nevertheless, Kennedy did not amend his pleadings.  Given that Kennedy is proceeding pro se, the court has chosen to consider the additional facts alleged in his responses for Kennedy's benefit, but nevertheless finds them insufficient to state cognizable legal claims against Staff, Hollister, and Bodiford.

[2] The cases Kennedy cites are not directly responsive or applicable to the Magistrate Judge's discussion of supervisory liability, and as such, the court is unable to

Kennedy's objection, liberally construed, challenges the R&R's conclusion of no liability

for Staff, Bodiford, and Hollister.  See id.

Courts have unambiguously stated that the use of the term "staff" or an equivalent

name for alleged defendants, without specifically naming staff members, is not adequate

to state a claim for relief against a "person" pursuant to § 1983.  See Barnes v.

Bakersville Corr. Ctr. Med. Staff, 2008 WL 2564779, at *1 (E.D. Va. June 25, 2008)

(providing that the use of the term "staff" or something equivalent, without specifically

naming staff members, is not adequate to state a claim against a "person" under § 1983);

Brownlee v. Williams, 2007 WL 904800, at *2 (D.S.C. Mar. 22, 2007) (explaining that

use of the term "staff" or the equivalent as a name for alleged defendants is not sufficient

to state a claim against a "person" as required in § 1983 actions); Martin v. UConn

Health Care, 2000 WL 303262, at *1 (D. Conn. Feb. 9, 2000); Ferguson v. Morgan, 1991

WL 115759, at *1 (S.D.N.Y. June 20, 1991).  Accordingly, the court affirms the R&R's

recommendation to dismiss any of Kennedy's claims against Staff as legally deficient.

The "doctrine of respondeat superior has no applicability to § 1983 claims."

Harbeck v. Smith, 814 F. Supp. 2d 608, 626 (E.D. Va. 2011) (citing Love-Lane v.

Martin, 355 F.3d 766, 782 (4th Cir. 2004)).  "Given that limitation, supervisors can be

---

consider them.  See, e.g., Bozeman v. Orum, 422 F.3d 1265 (11th Cir. 2005), abrogated
by Kingsley v. Hendrickson, 576 U.S. 389 (ruling on an excessive force claim without
any mention of supervisory liability); Koehl v. Dalsheim, 85 F. 3d 86, 89 (2d Cir. 1996)
(finding that to the extent the § 1983 claim was brought against the prison superintendent
in his official capacity or in his individual capacity it was barred by sovereign immunity
and failure to allege personal involvement, respectively); Serna v. Colo. Dept. of Corrs.,
455 F.3d 1146, 1153 (10th Cir. 2006) (holding supervisory liability must be based upon
active unconstitutional behavior and more than a mere right to control employees).  The
cases cited tend to support defendants' arguments more so than Kennedy's claims. In any
event, all the cases cited are from outside of this circuit and are at most persuasive, not
binding.

held liable 'in their individual capacities only for their personal wrongdoing or supervisory actions that violated constitutional norms.'" Id. at 626–27 (quoting Clark v. Md. Dep't of Pub. Safety & Corr. Servs., 316 F. App'x 279, 282 (4th Cir. 2009)). Kennedy has failed to allege facts sufficient to hold either Bodiford or Hollister liable as supervisors either in their individual capacities or for supervisory actions under § 1983.

The law is clear that personal participation of a defendant is a necessary element of a § 1983 claim against a government official in his individual capacity. See Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676. "Mere knowledge is not sufficient to establish personal participation." Herbert v. Treaster, 2014 WL 1093050, at *3 (D.S.C. Mar. 18, 2014) (citing Iqbal, 556 U.S. at 677). Kennedy has failed to allege any facts showing personal involvement by Bodiford and Hollister in connection with any alleged constitutional violations.

Further, neither Bodiford nor Hollister can be held liable under § 1983 in their supervisory capacities based on Kennedy's facts. In order to establish supervisory liability under § 1983, a plaintiff must demonstrate:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices []; and (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

Baynard v. Malone, 268 F.3d 228, 235 (4th Cir. 2001) (quoting Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994)).

11

Under the first element of supervisory liability, "[e]stablishing a 'pervasive' and 'unreasonable' risk of harm requires evidence that the conduct is widespread, or at least has been used on several different occasions and that the conduct engaged in by the subordinate poses an unreasonable risk of harm of constitutional injury." Shaw, 13 F.3d at 799 (citations omitted). Here, Kennedy has only pleaded a single incident, not widespread inaction or failure to supervise for multiple related incidents where subordinates engaged in bad conduct as a result of Bodiford's or Hollister's inaction. See ECF Nos. 1, 12, 31, 48.

The second element requires the plaintiff to show "deliberate indifference to or tacit authorization of the alleged offensive practices." Baynard, 268 F.3d at 235. A plaintiff may establish deliberate indifference by "demonstrating a supervisor's 'continued inaction in the face of documented widespread abuses,'" but deliberate indifference cannot be established by "pointing to a single incident or isolated incidents." Shaw, 13 F.3d at 799 (citations omitted). Holding a supervisor liable under a tacit authorization theory requires pleading sufficient facts to support an inference that the "supervisor fail[ed] to take action in response to a known pattern of comparable conduct occurring before the incident at issue took place." Danser v. Stansberry, 772 F.3d 340, 350 (4th Cir. 2014) (citation omitted).

Even when viewed in the light most favorable to Kennedy, Kennedy has failed to plead facts that plausibly give rise to either deliberate indifference or tacit authorization. First, the complaint is silent as to Bodiford, beyond naming him as a defendant. See ECF Nos. 1, 12. Kennedy pleads facts relating to Bodiford's inaction only in his objection to the R&R where he alleges Bodiford, upon being informed of Francis's actions, "simply

12

put his head down." ECF No. 48 at 2–3. Such an action is not plausibly a response to a known pattern of comparable conduct. Second, the complaint is silent as to Hollister's involvement, with the only responsive brief implicating Hollister being the objections to the R&R which asserted that Hollister was informed as to the event, without any facts adequately alleging his involvement or supervision whatsoever over this incident. See ECF No. 48 at 5. At most, then, Kennedy has alleged Hollister's mere knowledge but not any response or inaction.

Finally, the third element requires a showing of causation, which a plaintiff can make by demonstrating "an 'affirmative causal link' between the supervisor's inaction and the harm suffered by the plaintiff." Buchanan v. JumpStart South Carolina, 2022 WL 443299, at *5 (D.S.C. Feb. 14, 2022). "This concept encompasses cause in fact and proximate cause . . . [and] may be supplied by [the] tort principle that holds a person liable for the natural consequences of his [or her] actions." Id. (quoting Slakan v. Porter, 737 F.2d 368, 376 (4th Cir. 1984)). Kennedy has not pled facts that plausibly give rise to any causation whatsoever.

As such, the law supports the R&R's determination that the claims against Bodiford and Hollister in their individual capacities should be dismissed due to failure to state a valid claim.

## IV.   CONCLUSION

For the foregoing reasons the court **ADOPTS** the R&R and **GRANTS IN PART**

and **DENIES IN PART** the defendants' motion to dismiss.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**September 30, 2022**
**Charleston, South Carolina**